HEIRS OF M. M. KIRK vs. HEIRS OF JOEL H. GREEN.

The owner of land in New Madrid, injured by earthquakes, having sold his interest in the injured land, before the certificate for the location of land in lieu of that injured had issued, the title under the certificate vests in the vendee, as the " legal representative " of the original owner.

## APPEAL from Cooper Circuit Court.

HAYDEN & ADAMS, *for Appellants,* contended:

1st. That the legal right to the land in dispute, being located in virtue of the act of Congress of the 17th February, 1815, is vested in the person who was the legal owner of the land, in lieu of which the location was made, at the time of the grant of the certificate of new location— and that in this case, Coxe, the confirmee of the land, was not the owner thereof, at that time, having previously sold the same to Edward Robertson, senior, who had sold the same to other persons, to whom Coxe had conveyed it. See 5th Mo. Rep. 147; Wear & Hickman vs. Bryant. See Act of Congress of 17th February, 1815. These alienees were his " *legal representatives,*" and entitled to the land located as *such* representatives.

2nd. That the Circuit Court erred in excluding from the jury the evidence which was given and offered by defendant, conducing to show that Coxe had parted with his interest in the land in New Madrid, to Edward Robertson, senior, and others, prior to the obtaining of the certificate of new location, and of the making of said location—and that having so parted with his said interest, he had no interest, *legal or equitable,* in the land in dispute; and that to entitle the plaintiff to

recover in this action, it devolves upon him to show that he has a legal or equitable right to the land.    See the above mentioned authorities, and the act of the 11th February, 1839, entitled " An Act to amend an Act to regulate the action of ejectment." 9th Mo. Rep. 714.    Montgomery and wife vs. Landusky.

3rd. That the Court erred in rejecting from the jury the evidence given them by defendant, conducing to show that he was the owner and possessor of the land in dispute, under and by virtue of the purchase thereof by Kavanaugh for the taxes due upon it.

4th. That the Court erred in permitting the plaintiff to read to the jury the deed, accompanying the depositions of Medley and wife, and the deed accompanying the depositions of Wm. Hendricks and Luraney Norman, which will be found at pages 7 and 10, of the record—and especially those parts thereof betwixt figures 1 and 2, as marked in the record, at page 11.

5th. That the Court erred in suppressing the depositions of Dawson, and others, filed in the cause by defendant—and also in not suppressing the depositions of Medley and wife, and others, taken and filed in the cause by plaintiff.    See 4th Mo. Rep. 118; Dobbins vs. Thompson.

6th. That the Court erred in overruling the motion of defendant for a new trial of the cause.

## LEONARD & DAVIS, *for Appellees, contended :*

1st. The plaintiff showed a *prima facie* right of recovery.    Rev. Statutes, title " Ejectment." Sec. 2, Wear and Hickman vs. Bryant, 5 Mo. Rep. 147.

2nd. All the deeds from Coxe offered in evidence by the defendants, were properly excluded—because they did not show, either —

*First :* An outstanding legal title, recognized as such by the common or statute law of the State ; or,

*Second :* An equitable title in the defendant within the act of 11th February, 1839—concerning the action of ejectment.    Laws of 1838 and 1839, page 40.

3rd. The deed from Spears to Gray was wholly irrelevant.

4th. The testimony of Wallace, that he procured the New Madrid certificate and made the location for Gray, was rightly excluded.    Wear and Hickman vs. Bryant, 5 Mo. Rep. 147.

5th. The evidence offered to make out a title under our revenue laws was altogether insufficient for that purpose, and therefore properly rejected.    Revenue Law of 12th December, 1820, (printed in 1 Edward's laws of Missouri, 731,) §20.    Reed vs. Morton, 9th Mo. Rep. 870.

## SCOTT, J., *delivered the opinion of the Court.*

This was an action of ejectment brought by Green vs. Kirk, for the recovery of a tract of land in Cooper County.    Greene obtained a verdict and judgment, and the Court having refused Kirk a new trial, he has brought the cause to this Court.

William Coxe was the owner of a tract of land in New Madrid County, which was injured by earthquakes.    For the land thus injured, under the act of Congress for that purpose, the tract of land in controversy was selected under a certificate of location, dated 6th October, 1818.    The certificate was to William Coxe or his legal representatives. No patent for the land in dispute has been issued.    There was evidence that William Coxe, prior to the date of the New Madrid location, had

conveyed his interest, in the land injured, to others. Green, the plaintiff and appellee, claimed under deeds from the heirs of William Coxe, who had departed this life.

Under this state of facts, was Green entitled to recover? The certificate of location on which the action is brought, is to William Coxe, or his legal representatives. When this Court held in the case of Wear and Hickman vs. Bryant, 4th Mo. Rep. 113, and 5th Mo. Rep. 154, that a New Madrid certificate to a purchaser or his legal representatives, was a valid instrument, it went far in determining this controversy. The decision of the Court in the above cause is in conformity to the practice of the officers of the General Government, to whom the disposition of the public lands belongs. The proper construction of the instrument, in the opinion of this Court, and the General Government, was, that the land was given to the first named purchaser at the time of the grant, if he at that time was the owner of the land, in lieu of which, the authority to make a new location was given. If he was dead and had not disposed of the land, it went to his heirs, but if he had aliened it before the grant, then his alienee, and those claiming under him, took the land by virtue of the words " or legal representatives," in the instrument, as the first original purchaser. It was considered as a common law grant to him who may be the owner of a particular piece of property at the time of the execution of the grant, such a designation of a grantee in a deed not being so uncertain as to render a conveyance void. If, then, the words of the certificate, " legal representatives," are considered in the event of the first named taker having disposed of his interest, as designating the first original purchaser, it must follow, that Coxe, having conveyed his interest in the injured land in New Madrid, before the certificate issued, then he had no title to it, and a conveyance by him or his heirs of the located lands would be as ineffectual as though he were not named in the grant. In the case of Montgomery and wife vs. Landusky, it was held that a certificate to the legal representatives of one, who before the certificate issued had sold the lot, would not operate to the benefit of the heirs of the person named. 9 Mo. Rep. 714.

We do not see how any question arises under the act of February 11th, 1839, supplementary to the act concerning ejectment. Our statute authorizing an action on a New Madrid location, the only question presented is, who is the owner of the title conferred by the certificate of location. The defendant set up no outstanding title, legal or equitable, but confines himself to showing that the instrument, which is the foun-

dation of the plaintiff's action, confers no title, legal or equitable, on those under whom the plaintiff claims.

The other Judges concurring, the judgment will be reversed, and the cause remanded.